# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Daryl James, | : Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Prime Source Capital Management LLC; and DOES 1-10, inclusive, | : **COMPLAINT** |
| | : **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Daryl James, by undersigned counsel, states as follows:

## JURISDICTION

1.　This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.　Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Daryl James ("Plaintiff"), is an adult individual residing in Stockbridge, Georgia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Prime Source Capital Management LLC ("PSCM"), is a New York business entity with an address of 665 Main Street, Suite 300, Buffalo, New York 14203, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by PSCM and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. PSCM at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $750.00 (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to PSCM for collection, or PSCM was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. PSCM Engages in Harassment and Abusive Tactics

12. Within the past year, PSCM contacted Plaintiff in an attempt to collect the Debt.

13. On or about August 20, 2012, PSCM called Plaintiff's cellular telephone and left a voicemail for Plaintiff in which the collector identified himself as Mr. Davis and claimed to be calling from the pre-litigation department regarding an outstanding Best Buy bill.

14. Before Plaintiff could return PSCM's call, PSCM contacted at least two of Plaintiff's friends in an attempt to collect the Debt. At the time of said contacts, PSCM was aware of Plaintiff's location information.

15. Additionally, PSCM disclosed the existence of the Debt to Plaintiff's friends by stating that Plaintiff had written bad checks.

16. Plaintiff contacted PSCM the following day to request that PSCM cease contacts with Plaintiff's friends. In response, PSCM stated: "Well, we just kind of do things aggressively."

17. PSCM then demanded that Plaintiff immediately pay the Debt in full.

18. Plaintiff informed PSCM that he had not received any correspondence from PSCM concerning the Debt and requested that PSCM send same.

19. In response, PSCM stated that it would not mail any validation letter until Plaintiff made a payment towards the Debt.

20. PSCM also stated that PSCM needed to receive Plaintiff's payment "by the end of the month," causing Plaintiff to believe litigation was imminent.

21. The above demand overshadowed Plaintiff's right to dispute the Debt.

### C. **Plaintiff Suffered Actual Damages**

22. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

24.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

26.     The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.

27.     The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of the Plaintiff's debt and stated that the Plaintiff owed a debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

29.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

31. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

33. The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

34. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants' demand to make an immediate payment overshadowed Plaintiff's right to dispute the Debt.

35. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

36. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT, O.C.G.A. § 10-1-390, et seq.

37. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The Plaintiff is a "consumer" as the term is defined by O.C.G.A. § 10-1-392(6).

39. The Plaintiff incurred a Debt as a result of engaging into "[c]onsumer transactions" as the term is defined by O.C.G.A. § 10-1-392(10).

40. The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of O.C.G.A. § 10-1-393(a).

41. The Plaintiff suffered mental anguish, emotional distress and other damages in an amount to be proven at trial.

42. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under O.C.G.A. § 10-1-393(a) and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## COUNT III
## PUBLIC DISCLOSURE OF EMBARRASSING PRIVATE FACTS

43. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitutes a public disclosure of embarrassing private facts about the Plaintiff under the Common Law of the State of Georgia.

45.     The facts disclosed to the public have been private and their public disclosure is offensive and objectionable to a reasonable person.

46.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and O.C.G.A. § 10-1-399(a) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Treble damages pursuant to O.C.G.A. § 10-1-399(c) against Defendants;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and O.C.G.A. § 10-1-399(d) against Defendants;

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages pursuant to O.C.G.A. § 10-1-399(a) against Defendants; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 26, 2012

                              Respectfully submitted,

                              By: /s/ Cara Hergenroether, Esq.
                              Georgia Bar No. 570753
                              Attorney for Plaintiff Daryl James
                              LEMBERG & ASSOCIATES L.L.C.
                              1400 Veterans Memorial Highway
                              Suite 134, #150
                              Mableton, GA 30126
                              Telephone:  (855) 301-2100 ext. 5516
                              Facsimile:   (888) 953-6237
                              Email: chergenroether@lemberglaw.com